**VIACOM INTERNATIONAL, INC.; Viacom Latino Americana, Inc., Plaintiffs,**

v.

**THREE STAR TELECAST, INC.; Antilles Broadcasting Corporation; Three Star Corporation, Defendants.**

**Civ. No. 86–0136 (JAF).**

United States District Court, D. Puerto Rico.

July 17, 1986.

---

Ronald L. Rosenbaum, Woods, Rosenbaum, Luckeroth & Pérez González, Hato Rey, P.R., for plaintiffs.

Luis Ramón Ortiz Segura, Mellado & Mellado, Hato Rey, P.R., for defendants.

## OPINION AND ORDER

FUSTE, District Judge.

Before the court is defendant Antilles Broadcasting Corporation's motion under Fed.R.Civ.P. 12 to dismiss plaintiffs' complaint for lack of *in personam* jurisdiction. As the parties have submitted memoranda and affidavits and the plaintiffs have submitted a deposition in support of their positions, the motion will be treated as one for summary judgment under Fed.R.Civ.P. 56. Summary judgment is rendered if the material facts are undisputed and if defendant is entitled to judgment as a matter of law. *See generally* C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure*, Sec. 2725 at 75–112 (1983). This Court will examine the record in a light most favorable to the opposing party. *Hahn v. Sergeant*, 523 F.2d 461, 464 (1st Cir.1975), *cert. denied*, 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed.2d 754 (1976).

The complaint filed January 31, 1986 alleges that defendants defaulted on payment for licensing agreements entered into with plaintiffs. Subject matter jurisdiction of this court is invoked under 28 U.S.C. Sec. 1332(a)(1). The complaint also alleges that plaintiff Viacom International, Inc. is incorporated in Ohio, with its principal offices in New York. Plaintiff Viacom Latino Americana, Inc. is incorporated in New York, with its principal offices in Florida. Defendant Three Star Telecast, Inc. (TST) is incorporated in Puerto Rico, where its principal offices are also located. Defendant Three Star Corporation (TSC) is incorporated in the U.S. Virgin Islands, where its principal offices are also located. Defendant Antilles Broadcasting Corporation (ABC) is organized under the laws of the U.S. Virgin Islands, with its principal offices located there.

Defendants Three Star Telecast and Three Star Corporation have submitted to the jurisdiction of this Court. Defendant Antilles Broadcasting Corporation, without submitting to the jurisdiction of this Court, has filed the motion to dismiss. ABC alleges it has no minimum contacts with Puerto Rico and is, therefore, not amenable to suit in this jurisdiction.

### Factual Background

Defendant ABC owns and operates a television station (WSVI, Channel 8) located in St. Croix, U.S. Virgin Islands. Its sole stockholders are Baraket Saleh and Len Garwych. Mr. Saleh serves as president and treasurer of ABC; Mr. Garwych serves as vice-president, general manager, and secretary of ABC. Three Star Corporation operates Channel 18 (WSJU) in Carolina, Puerto Rico. It is the parent corporation of TST, which holds the license for

WSJU. Mr. Saleh and Mr. Garwych are also the sole stockholders of TSC and TST. Mr. Saleh resides in Puerto Rico; Mr. Garwych resides in St. Croix.

The signal of WSVI in St. Croix is received in Puerto Rico directly and by cable relay. The signal is received in eastern Puerto Rico on the strength of its signal alone. It is also broadcasted in Puerto Rico by local cable companies. According to Mr. Garwych in his deposition, WSVI has no control over this pick up by cable companies. Ten percent, or $100,000, of WSVI's advertising revenue is from Puerto Rico-based advertisers, some of which sell exclusively in Puerto Rico. Advertising in Puerto Rico has been solicited by a non-exclusive agent in Puerto Rico (Schellenberg & Kirwan) and Mr. Garwych has personally solicited advertisers in Puerto Rico.

Board meetings for ABC are not held regularly, only twice in the last two years. One meeting was held in San Juan; the other in St. Croix. Meetings with Mr. Saleh regarding the alleged debt owed by ABC to plaintiffs have taken place in Puerto Rico. In November 1985, Mr. Saleh met with officers of the plaintiffs at the office he maintains at WSJU in Carolina, Puerto Rico. He has also met with plaintiffs' attorney at his office to discuss the dispute over monies allegedly owed by ABC. He was served with process in this matter at his office in Puerto Rico.

### In Personam Jurisdiction

■ When personal jurisdiction is contested, plaintiff has the burden of proving facts sufficient to sustain personal jurisdiction. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936); *Escude Cruz v. Ortho Pharmaceutical Corp.*, 619 F.2d 902, 904 (1st Cir.1980). The issue is whether ABC's contacts with Puerto Rico were sufficient under Puerto Rico law and the due process clause of the United States Constitution, so that the United States District Court for the District of Puerto Rico may exercise jurisdiction over the defendant. *Dalmau Rodriguez v. Hughes Aircraft Co.*, 781 F.2d 9 (1st Cir.1986). The

reach of Puerto Rico's long-arm statute (Puerto Rico Code of Civil Procedure Rule 4.7) extends to all cases where it is constitutionally permissible. *A.H. Thomas Co. v. Superior Court*, 98 P.R.R. 864, 870 n. 5 (1970). Thus, the inquiry into the requirements for state law jurisdiction is "telescoped" into the due process analysis. *Dalmau Rodriguez*, 781 F.2d at 12.

Due process requires that the defendant have certain "minimum contacts with the forum so that maintenance of the suit does not offend the traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945); *Vencedor Manufacturing Co. v. Gougler Industries*, 557 F.2d 886 (1st Cir. 1977). Fewer contacts are required to support jurisdiction when the claim is related to those contacts. *Vencedor*, 557 F.2d at 889. But even when the claim does not arise from the defendant's contacts with the forum, a state may exercise *in personam* jurisdiction (general jurisdiction) when there are sufficient contacts between the state and the foreign corporation. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984); *Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437, 72 S.Ct. 413, 96 L.Ed. 485 (1952). A court may exercise general jurisdiction when it has been carrying on "a continuous and systematic, but limited, part of its general business" within the forum state. *Perkins*, 342 U.S. at 438, 72 S.Ct. at 414.

■ Plaintiffs' claim is for breach of a licensing agreement. The agreement was entered into outside of Puerto Rico. Plaintiffs do not claim they were solicited in Puerto Rico. The action does not arise from ABC's contacts with Puerto Rico. In *Perkins*, the Supreme Court found *in personam* jurisdiction could be exercised by Ohio over a Phillipine corporation even though the claim did not arise from the corporation's contacts with Ohio. The president and principal stockholder had returned to Ohio during World War II due to the occupation of the Phillipines by Japan.

From Ohio he continued to carry on the corporation's business, although in a limited capacity. He maintained an office from which he conducted both his personal affairs and business on behalf of the corporation. Office files were kept in Ohio and from there he carried on correspondence relating to the business of the company. He distributed salary checks from Ohio, drawn on Ohio banks. Additionally, he held directors' meetings at his office and home, supervised company policies, and generally discharged his duties as president and general manager. *Perkins,* 342 U.S. at 447–48, 72 S.Ct. at 419–20. Many of these same activities have been carried out by ABC in Puerto Rico. The president, Mr. Saleh, maintains an office here. Although used primarily for Channel 18, it has also been used for Channel 8 business. Correspondence relating to the business of ABC has been issued from Puerto Rico. It has also been used for one of the two meetings of the board of directors held the last two years. Mr. Saleh's supervisory capacities have been carried out from Puerto Rico via telephone calls to Mr. Garwych in St. Croix and monthly visits from Mr. Garwych to Puerto Rico. The properties under supervision in both *Perkins* and the case at bar are outside the forum, but the discharge of Mr. Saleh's responsibilities as president are from within Puerto Rico.

Mindful of *Helicopteros* and its rationale, we find that many of the contacts lacking there are present here. In *Helicopteros,* the defendant had purchased helicopters from a Texas manufacturer. An officer of the corporation had visited Texas to discuss the sale of the helicopters, and employees of the defendant had gone to Texas for training. The Court held that the claim did not arise out of or relate to the defendant's activities in Texas, and the contacts were insufficient for the exercise of general jurisdiction. *Id.* 104 S.Ct. at 1874. The Court noted that the defendant was not authorized to do business in Texas; it had no agent for service of process there; it never performed helicopter operations in Texas or sold any product that reached Texas; never solicited business or signed any contracts in Texas. Additionally, there were never any employees based there; it never owned property in the forum; maintained no records there, and it had no shareholders within the state.

Many of these contacts exist between ABC and Puerto Rico. ABC is not authorized to do business in Puerto Rico, but its signal is received in parts of Puerto Rico without cable intervention. ABC earns $100,000 a year, ten percent of its revenue, from its advertising contracts with Puerto Rican advertisers. Business is solicited in Puerto Rico by Mr. Garwych personally and through Schellemberg and Kirwan. Broadcasting into a neighboring state in accordance with advertising contracts has been held to constitute "doing business" within that state. *WSAZ v. Lyons,* 254 F.2d 242 (6th Cir.1958). Further, Mr. Saleh's office has been used for Channel 8 business and he, the president, treasurer, and shareholder of ABC, resides and works in Puerto Rico.

Personal jurisdiction can be exercised when it comports with "traditional notions of fair play and substantial justice." *International Shoe,* 326 U.S. at 316, 66 S.Ct. at 158. Defendant ABC has derived substantial revenue from its broadcasts in Puerto Rico. Even though it may not control the part of the broadcasting done by Puerto Rico cable companies, its signal is receivable in parts of Puerto Rico with an ordinary antenna. Of its approximately 630 advertisers, 33 are Puerto Rican. The president of ABC lives and works in Puerto Rico. Even though he may be primarily involved in codefendants TST and TSC's business in Puerto Rico, his office has been used as the site for conducting ABC's business. A board meeting and negotiations with plaintiffs and with plaintiffs' attorney over the alleged debt of Channel 8 have been carried out in Puerto Rico. It appears that defendant ABC has been carrying on a "continuous and systematic but limited part of its general business" within Puerto Rico. *Perkins,* 342 U.S. at 438, 72 S.Ct. at 414. It is not unfair to subject ABC to the

jurisdiction of this court. The motion to dismiss is hereby DENIED.

### Scheduling Disposition

Under Fed.R.Civ.P. 16, as amended, the Court is required to schedule and plan the course of litigation, in order to achieve a just, speedy, and inexpensive determination of the action. Fed.R.Civ.P. 1; Fed.R.Evid. 102. In so doing, the Court advises litigants that we firmly believe in the interplay of Fed.R.Civ.P. 7, 11, 16, and 26, as amended in 1983. These rules require increased lawyer responsibility coupled with a mandate to the Court to increase the level of judicial management and control of litigation. All documents filed in this case will be read as if containing a warranty certificate as to quality and content. The filings must be done to the best of the lawyer's knowledge, information, and belief, formed after reasonable inquiry. Accordingly, it is ORDERED by the Court as follows:

1. All outstanding pleadings should be filed within the next ten (10) days. Any motion to amend pleadings and/or to add parties shall be filed not later than fifteen (15) days from the date of this Order. In any event, the pleadings' stage should be concluded within the next forty (40) days.

2. All discovery shall be completed on or before ninety (90) days from the date of this Order. Counsel should become familiar with J. Shapard & C. Seron, *Attorneys Views of Local Rules Limiting Interrogatories* (Federal Judicial Center 1986). Rather than imposing an arbitrary limit to the number of questions to be included in an interrogatory, the Court urges litigants to realize that we will impose such limitation on interrogatories and requests for admissions on a case-by-case basis if moved by the opposing party based on solid procedural grounds. Discovery by any method should be tailored to the scope and spirit of the rules and nothing else.

3. Any dispositive motion, *e.g.*, motions to dismiss, for judgment on the pleadings, and/or for summary judgment, shall be filed not later than sixty (60) days from the date of this Order. Oppositions to the dispositive motions shall be filed within the term provided to that effect by the Rules of this Court.

4. *The Pretrial Conference of this cause is hereby scheduled to be held on* October 21, 1986, at 8:30 A.M. The parties will file a Proposed Pretrial Order which will be the product of their joint work. Counsel are directed to meet at least ten (10) days prior to the date of the pretrial to discuss, not only the contents of the Proposed Pretrial Order, but also the possibility of the extrajudicial determination of the action. If settlement cannot be agreed to, the parties will treat during said meeting the designation and marking of exhibits and depositions, as well as the proposed *voir dire* and jury instructions in the event that the matter is to be tried before a jury.

The Proposed Pretrial Order shall contain the complete caption of the case and shall set forth the following:

### I.

### NATURE OF THE CASE

The parties should attempt to agree on the description to be given under the title "Nature of the Case". Issues of jurisdiction shall be included herein. In the event that the parties cannot agree on the content under this subsection, each party should give its version of the nature of the case duly identified as plaintiff's statement of the nature of the case, defendant's statement of the nature of the case, etc.

### II.

### THEORY OF THE PARTIES

Each party will be identified fully and its theory of the case, including citations of statutes and/or case law, when applicable, will be given.

### III.

### THE ADMITTED FACTS

The parties are directed to fully stipulate all matters which can be the object of admission and/or stipulation. Whenever it is

appropriate, a reference to documents which will be submitted in evidence shall be made in each particular stipulation and/or factual admission.

## IV.

### THE ULTIMATE FACTS WHICH WILL BE DISPUTED

The parties should attempt to agree on which will be the ultimate facts to be disputed. In the event that they cannot reach said agreement, each party should designate what, in its opinion, are the ultimate facts which the Court will have to pass upon to resolve the controversy.

## V.

### LIST OF EXHIBITS

Not later than three (3) working days after the date scheduled for the Pretrial Conference, the parties will meet, after having requested the appropriate appointment, with Courtroom Deputy Clerk Violeta Maldonado to mark those pieces of documentary and/or real evidence which will be admitted into evidence, as well as those pieces of documentary and/or real evidence over which there is objection, in which case they will be marked as documents for identification.

The Proposed Pretrial Order, under the heading "List of Exhibits", shall include a list of the exhibits of each party numbered and/or marked in the same fashion as they will be delivered to the Clerk, with an indication as to which are being admitted without objection by opposing counsel.

## VI.

### DEPOSITIONS

The parties will list each deposition intended to be used at trial, with designation of portions to be used by the party first offering the same. Objections to the use of depositions or to any designated portion not made at the time of the preparation of the Proposed Pretrial Order will be deemed waived.

## VII.

### THE POINTS OF LAW TO BE PASSED UPON BY THE COURT

As in other items which could be the object of agreement, the parties are directed to attempt to agree on points of law to be passed upon by the Court. In the event that this is not possible, each party shall state what, in its opinion, are the points of law to be passed upon by the Court. Adequate citations to statutes and/or case law should be given when appropriate.

## VIII.

### TECHNICAL WORDS

A list, in alphabetical order, of technical words that could be used during the trial, must be made a part of the Proposed Pretrial Order. This request is for the benefit of court personnel, specifically the court reporter and the court interpreter.

## IX.

### WITNESSES

The Proposed Pretrial Order shall contain a list of the potential witnesses to be called by each party, with a brief description of the purpose and/or content of their testimony.

## X.

### EXPERT WITNESSES

In the event that expert witnesses are to be utilized by the parties, the Proposed Pretrial Order shall contain written stipulations or statements setting forth the qualifications of the expert witnesses to be called by each party. A brief description of the purpose of the expert testimony will be given as it pertains to each expert witness. The parties should be aware of the fact that Fed.R.Evid. 706 allows the Court to appoint experts on its own motion and/or on motion of any party.

## XI.

### ITEMIZED STATEMENT OF SPECIAL DAMAGES

In the event that issues of special damages are to be passed upon at trial, an itemized statement of special damages shall be incorporated into the Proposed Pretrial Order. The party or parties not in agreement with the proposed statement of special damages shall include the reasons in opposition under this part of the Proposed Pretrial Order.

## XII.

### ESTIMATED LENGTH OF TRIAL

The parties will make an estimate of the probable length of trial.

5. Unless otherwise disposed of by the Court, each party is limited to a maximum of three (3) expert witnesses. The Court reserves to each party the right to offer rebuttal testimony at trial if necessary. The Court also reserves to each party the right to further supplement the list of witnesses upon application to the Court and for good cause shown.

6. The Proposed Pretrial Order may only be modified to prevent manifest injustice. Such modification may be made either on application of counsel for the parties or on motion of the Court.

7. The Proposed Pretrial Order shall contain the full caption of the case, making reference to appropriate name of each party to the controversy as the same stands for trial purposes.

8. The Proposed Pretrial Order shall be filed at least three (3) days before the date scheduled for the Pretrial Conference.

9. At the time of pretrial, the parties should be prepared to discuss the possibility of bifurcating liability from damages. The parties are also instructed to prepare and file with their Proposed Pretrial Order their proposed findings of fact and conclusions of law.

10. If any party has any serious objection to the deadlines imposed herein, said party should inform the Court within ten (10) working days from the date of entry of this Order. Otherwise, the Court will assume that the deadlines are agreeable to all parties. Unless by order of the Court, the provisions set hereinabove are binding on the parties and on counsel to the parties.

### TRIAL

11. Trial is hereby set for April 27–29, 1987, at 9:00 A.M.

IT IS SO ORDERED.