**Ivette GONZALEZ, et al.,**
**Plaintiffs, Appellants,**

v.

**WALGREENS COMPANY and the**
**Travelers, Defendants, Appellees.**

No. 88–2200.

United States Court of Appeals,
First Circuit.

Submitted June 6, 1989.

Decided July 11, 1989.

Hilda Rodriguez Forteza on brief, for plaintiffs, appellants.

Miguel A. Raldiris, San Juan, P.R., and Rivera, Tulla & Ferrer, Hato Rey, P.R., on brief, for defendants, appellees.

Before BOWNES, TORRUELLA and SELYA, Circuit Judges.

PER CURIAM.

Plaintiff-appellant, Ivette Gonzalez ("Gonzalez") appeals from the district court's judgment of dismissal for lack of jurisdiction. We affirm.

Gonzalez alleged in her complaint that she had sustained injuries as a result of a fall in Walgreen's, a pharmacy located in San Patricio Plaza, Puerto Rico. She filed suit against Walgreen Company, an Illinois corporation ("Walgreen–Illinois"), and The Travelers, an insurance company doing business in Puerto Rico. Appellee states that the plaintiff served a summons and complaint only upon Walgreen of San Patricio, Inc., ("Walgreen–San Patricio") a Puerto Rico corporation and, apparently, a subsidiary or a franchisee of Walgreen–Illinois.

The defendant moved to dismiss for lack of jurisdiction. In support of its motion, defendant presented affidavits which stated that Walgreen–Illinois and Walgreen–San Patricio exist as separate corporate entities and that the Walgreen store in which plaintiff was allegedly injured is a store owned, operated, and managed by Walgreen of San Patricio, Inc. Plaintiff did not present any facts to refute the statements presented in the aforementioned affidavits. Moreover, plaintiff is a citizen of Puerto Rico, so no diversity jurisdiction would exist over an action by her against Walgreen–San Patricio. Instead, plaintiff rather vaguely argued that because the store bore the label "Walgreen," defendant Walgreen–Illinois should be liable for the alleged injuries. The district court treated the motion to dismiss as a motion for summary judgment, granted the motion, and dismissed the complaint for lack of jurisdiction.

■ As we have stated on prior occasions, a parent company may not be subject to jurisdiction merely because its subsidiary resides in the forum. *See Alvarado–Morales v. Digital Equipment Corp.*, 843 F.2d 613, 616 (1st Cir.1988) (affirming the dismissal of a complaint against the non-resident, parent corporation in the absence of showing that the parent company had any involvement in the actions giving rise

to the complaint); *Escude Cruz v. Ortho Pharmaceutical Corp.*, 619 F.2d 902, 904–05 (1st Cir.1986) (affirming the dismissal of a complaint against a foreign, parent corporation where plaintiff failed to show that the parent corporation exercised the degree of control over the subsidiary as to ascribe its alleged negligence to the parent). In her sworn statement in support of her opposition to defendant's motion to dismiss, plaintiff merely stated that Walgreen–Illinois owned, operated, maintained, and supervised the Walgreen pharmacy in which she was allegedly injured. She set forth no supporting facts. Whereas the general manager of Walgreen–San Patricio stated in his affidavit that the pharmacy was owned, operated, and managed by Walgreen of San Patricio, Inc., there is no basis to conclude that plaintiff had any personal knowledge upon which to base her assertion to the contrary. An affidavit must be based upon personal knowledge. Fed.R.Civ.P. 56(e). *See Mas Marques v. Digital Equipment Corp.*, 637 F.2d 24, 29 (1st Cir.1980). Plaintiff's bare, conclusory assertion, therefore, was insufficient to create a genuine issue of material fact as to whether Walgreen–Illinois controlled the activities of Walgreen–San Patricio or whether the latter was an actual agent of Walgreen–Illinois such that Walgreen–Illinois would be responsible for the alleged negligence of Walgreen–San Patricio.

■ Apart from an actual agency theory of liability, appellant also may have sought to hold Walgreen–Illinois liable on an apparent agency or holding out theory, although appellant did not clearly articulate any such theory below. Appellant's argument seems to be that by allowing Walgreen–San Patricio to use the Walgreen logo, Walgreen–Illinois held the San Patricio store out to the public as a store owned and operated by Walgreen–Illinois and, therefore, Walgreen–Illinois should be liable for plaintiff's injuries. In her opposition to defendant's motion to dismiss, plaintiff cited to but one case, *Gizzi v. Texaco, Inc.*, 437 F.2d 308 (3rd Cir.), *cert. denied*, 404 U.S. 829, 92 S.Ct. 65, 30 L.Ed.2d 57 (1971). In *Gizzi*, the majority concluded,

over a dissent, that there was sufficient evidence to hold Texaco responsible for the acts of an independent service station owner. In *Gizzi*, however, there was evidence which was presented to show that Texaco exercised control over the activities of the service station which allegedly caused plaintiff's injuries. In *Gizzi*, among other facts, in addition to the use of Texaco insignia, there was evidence that Texaco engaged in extensive advertising to promote the impression that Texaco was substantially involved in the sale and service of cars sold and serviced at the station, that the oil company sold its products at the station, that the company owned pieces of equipment in the service station, and that Texaco had a regional office located directly opposite the station. By contrast, in the present case, appellant pointed only to the bare use of the Walgreen label or logo as being sufficient to raise a genuine issue of material fact that Walgreen–Illinois clothed Walgreen–San Patricio with apparent authority such that the former should be held liable for the activities of the latter. Thus, as *Gizzi* appeared to be easily distinguishable, and as plaintiff cited to no authority that a franchisee's mere use of a franchisor's logo, by itself, would create a genuine issue of material fact with respect to apparent authority, it is understandable that the district court granted the defendant's motion to dismiss.

In her motion for reconsideration filed in the district court and again on appeal, plaintiff has fleshed out her argument a little by citing to cases such as *Drexel v. Union Prescription Centers, Inc.*, 582 F.2d 781, 790–97 (3rd Cir.1978). That case discusses a franchisor's potential liability for a franchisee's negligence based on the franchisor's having led the public to believe through its advertising or franchising activities that its franchisees were not local entities, but rather part of a nationally-established corporation. In *Drexel*, however, unlike the present case there was evidence that the franchisor, "by strictly controlling the manner in which the franchisee was perceived by the public, created an appearance of ownership and control purposefully

designed to attract the patronage of the public." *Id.* at 795–96.

It may be that appellant could have created a genuine issue of material fact with respect to whether Walgreen–Illinois may be liable under an apparent agency theory for Walgreen–San Patricio's alleged negligence, but we conclude that plaintiff failed to do so below. Plaintiff's bare reference in her affidavit to the use of the Walgreen logo was not enough to defeat summary judgment.

In light of our conclusion that the district court committed no error in granting defendant's motion for summary judgment and in view of the fact that, in its motion for an extension of time to answer or otherwise plead, defendant conceded that Walgreen Company had been served with a summons and complaint, we need not address appellee's second argument that dismissal would have also been proper for lack of service pursuant to Fed.R.Civ.P. 4(j).

AFFIRMED.