**Wilfredo COLON, et al., Plaintiffs,**

v.

**CHART HOUSE ENTERPRISES, INC., Defendant.**

**No. Civ. 99–1456(JP).**

United States District Court, D. Puerto Rico.

Dec. 9, 1999.

Alfredo Fernandez–Martinez, Hato Rey, PR, for plaintiffs.

Rafael E. Aguilo–Velez, Schuster Usera Aguilo & Santiago, San Juan, PR, for defendant.

---

### OPINION AND ORDER

PIERAS, District Judge.

## I. BACKGROUND

Before the Court is Defendant Chart House Enterprises, Inc.'s Motion to Dismiss (**docket No. 6**), Plaintiffs Wilfredo Colón and Emire Rodríguez's Opposition thereto (docket No. 13), and Defendant's Reply (docket No. 16). Plaintiffs bring this action in diversity for violations of seven Puerto Rico laws, Law No. 115 (reprisal), Law No. 100 (unjust dismissal), Law No. 80 (severance pay), and Laws No. 96, 379, and 148 (compensation due for overtime, lunch breaks, and annual bonus), as well as the Fair Labor Standards Act, 29 U.S.C. §§ 207, 216(b).

The Complaint, filed on April 27, 1999, states that in January 1995, Wilfredo Colón ("Colón") was employed by Chart House Enterprises, Inc. ("Chart House Enterprises") as a waiter in its Condado restaurant. Colón was later promoted to the position of Manager. On November 3, 1997, Colón informed the restaurant's general manager, Abelardo Ruiz ("Ruiz"), that the following day he planned to marry a fellow employee, co-Plaintiff Emire Rodríguez ("Rodríguez"). Ruiz then told Colón that Rodríguez's employment was terminated, without explanation. Colón and Rodríguez married as planned. When Co-

lón reported to work on November 6, 1997, Chart House Enterprises' Regional Director, Mark Platt ("Platt"), informed Colón that he was discharged from his employment, and that Rodríguez would be reinstated. The stated reason for this personnel action was Colón's marriage to a co-worker. On that same day, Colón was asked to return his set of the restaurant's keys, clean out his desk, and vacate the premises.

Sometime thereafter, the Complaint indicates that Colón requested a meeting with Platt. At the meeting, Platt offered to reinstate Colón as a waiter and valet parking employee at a salary of $3.70 per hour. Colón accepted only because he needed the money, but informed Platt that he believed he was being treated discriminatorily. Colón then asked to take his accumulated vacation leave, but was informed that he would be paid only half of his salary during that time. Platt offered to pay Colón his full salary only if he desisted from filing suit against the company.

Defendant's Motion to Dismiss, under Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure, is based on four arguments. First, Defendant denies that the Court has personal jurisdiction over it, because Chart House Enterprises claims it has never committed any act in Puerto Rico. Second, Defendant claims that the Complaint should be dismissed for lack of an indispensable party because Plaintiffs failed to join Chart House Enterprises–PR in this action. Third, Defendant challenges the sufficiency of the complaint, claiming that Plaintiffs failed to adequately allege jurisdiction. Finally, Defendant alleges this action was brought in an improper venue.

## II. PERSONAL JURISDICTION OVER CHART HOUSE ENTERPRISES

As a threshold matter, the Court must determine whether it can exercise personal jurisdiction over Chart House Enterprises. Defendant argues that personal jurisdic-

tion is lacking because it has no relevant contacts with Puerto Rico. In support of its position, Defendant attaches to its motion the sworn statement of Susan Morlock, Vice President of Human Resources of Chart House Enterprises. Morlock indicates that Defendant Chart House Enterprises is a corporation organized under the laws of Delaware, with its principal place of business in Illinois. It is the parent company and sole shareholder of Chart House, Inc. Chart House, Inc., in turn, is the sole shareholder of Chart House Enterprises of Puerto Rico, Inc. ("Chart House Enterprises–PR"), a corporation organized under the laws of Louisiana with its former principal place of business in Puerto Rico.

Morlock also attests that Defendant Chart House Enterprises has neither been authorized to or actually done business in Puerto Rico; that it never operated a restaurant in Puerto Rico; that it owns no property, inventory, bank accounts, or equipment in Puerto Rico; that it has no employees in Puerto Rico; and that its only contact with Puerto Rico is limited to Chart House Enterprises' status as the sole shareholder and parent company of Chart House, Inc., a Delaware corporation with its principal place of business in Illinois, which in turn was the sole shareholder of Chart House Enterprises–PR.

In their Opposition, Plaintiffs argue that because Defendant Chart House Enterprises, not Chart House Enterprises–PR, was their employer, they have plead sufficient facts for the Court to exercise personal jurisdiction over Defendant. In support of Plaintiffs' contention that Chart House Enterprises was their employer, Plaintiffs attach to their Opposition, as evidence, the following: ˙(1) copies of their paycheck stubs, which show the remittor as Chart House Enterprises; (2) affidavit of co-Plaintiff Rodríguez stating that it was always represented to her that her employer was Chart House Enterprises; (3) a memorandum indicating that Defendant issued directives and set policy for all Chart House restaurants; and (4) pages from an internet web site wherein Chart House Enterprises advertises that it operates a restaurant in Puerto Rico.

■ Personal jurisdiction implicates a court's power over a defendant. *See Foster–Miller, Inc. v. Babcock & Wilcox Canada,* 46 F.3d 138, 143 (1st Cir.1995). A federal court exercising diversity jurisdiction is the "functional equivalent of a state court sitting in the forum state," and therefore our analysis begins with Puerto Rico's long arm statute. *Ticketmaster–New York, Inc. v. Alioto,* 26 F.3d 201, 204 (1st Cir.1994) (citing *General Contracting & Trading Co. v. Interpole Inc.,* 940 F.2d 20, 23, n. 4 (1st Cir.1991)); *Cummings v. Caribe Marketing & Sales Co., Inc.,* 959 F.Supp. 560, 566 (D.Puerto Rico 1997). Puerto Rico's long arm statute reads, in pertinent part:

4.7 Service on a person not domiciled in Puerto Rico

(a) Whenever the person to be served is not domiciled in Puerto Rico, the General Court of Justice shall take jurisdiction over said person if the action or claim arises because said person:

(1) Transacted business in Puerto Rico personally or through his agent; or

(2) Participated in tortious acts within Puerto Rico personally or through his agent;

32 P.R.Laws Ann.App. III, R. 4.7. If the Court finds that Puerto Rico's long-arm statute confers jurisdiction in this case, then the Court must analyze whether the exercise of jurisdiction would be constitutional. *See Ticketmaster–N.Y.,* 26 F.3d at 206–12.

Puerto Rico's long-arm statute has been interpreted as permitting the exercise of personal jurisdiction "to the full extent of constitutional authority." *Cummings,* 959 F.Supp. at 566 (citing *Mangual v. General Battery Corp.,* 710 F.2d 15, 19 (1st Cir. 1983)); *Viacom Int'l, Inc. v. Three Star*

*Telecast Inc.,* 639 F.Supp. 1277, 1279 (D.Puerto Rico 1986) (citing *A.H. Thomas Co. v. Superior Court,* 98 P.R.R. 864, 870 n. 5 (1970)). Therefore, "the inquiry into the requirements for state law jurisdiction is telescoped into the due process analysis." *Viacom,* 639 F.Supp. at 1279 (quoting *Dalmau Rodriguez v. Hughes Aircraft Co.,* 781 F.2d 9, 12 (1st Cir.1986)).

■ As a matter of due process, a plaintiff first must show that " 'minimum contacts' exist between the defendant and forum state," and must demonstrate that "its cause of action 'arises out of, or relates to' defendant's contacts with the forum state." *Ticketmaster–NY,* 26 F.3d at 206 (quoting *International Shoe Co. v. State of Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984)). Second, a plaintiff must show that the defendant's contacts with the forum state are deliberate, and that the defendant "purposefully avail[ed] itself of the privilege of conducting activities with the forum state." *Id.* (citing *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958)). Finally, a defendant may nonetheless avoid defending a suit in state "if it can establish that allowing the suit to go forward would be inconsistent with 'fair play and substantial justice'" *Id.* (citing *International Shoe,* 326 U.S. at 320, 66 S.Ct. 154).

■ A plaintiff has the burden of proving the facts necessary to show the existence of personal jurisdiction over the defendant. *See Boit v. Gar–Tec, Inc.,* 967 F.2d 671, 675 (1st Cir.1992); *Rodriguez v. Fullerton Tires Corp.,* 115 F.3d 81, 83 (1st Cir.1997); *Foster–Miller,* 46 F.3d at 144; *Escude Cruz v. Ortho Pharmaceutical Corp.,* 619 F.2d 902, 904 (1st Cir.1980). A plaintiff must show that the defendant is subject to the Court's jurisdiction based on evidence of specific facts in the record and must "go beyond the pleadings and make affirmative proof." *Boit,* 967 F.2d at 675 (quoting *Chlebda v. H.E. Fortna & Bro.*

*Inc.,* 609 F.2d 1022, 1024 (1st Cir.1979)). In ruling on a motion to dismiss for lack of personal jurisdiction without an evidentiary hearing, dismissal is only proper if plaintiffs have failed to make out a showing of jurisdiction. In making a prima facie showing, the Court takes specific facts affirmatively alleged by the plaintiff as true and "construe[s] them in the light most congenial to the plaintiff's jurisdictional claim." *Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n,* 142 F.3d 26, 34 (1st Cir.1998) (citing *Ticketmaster–NY,* 26 F.3d at 203). The Court then "add[s] to the mix facts put forward by the defendants, to the extent that they are uncontradicted." *Id.*

■ Plaintiffs have made a prima facie showing of minimum contacts between the Defendant and Puerto Rico and that their cause of action arises out of those contacts. Plaintiffs have identified a relevant personnel decision by the Regional Director of Chart House Enterprises, Mark Platt, namely, the decision both to terminate Colón's employment with the company and to reinstate him in an inferior position. This decision was made in Puerto Rico by an agent of the Defendant corporation, and it is precisely this employment decision that constitutes the crux of the actionable conduct of which Plaintiffs complain. Moreover, Plaintiffs submit a memorandum drafted by Defendant on its letterhead, and addressed to all of its restaurants' general managers. The memorandum shows that Defendant created company policies for all of its restaurants.

These facts present a different situation than that presented in *Alvarado–Morales v. Digital Equipment Corp.,* 843 F.2d 613 (1st Cir.1988). In *Alvarado–Morales,* the First Circuit upheld the dismissal of a complaint for lack of jurisdiction where the plaintiff could not identify a single actionable personnel decision made by the nonresident Defendant corporation. *See id.* at 617. Here, Plaintiffs have identified a key personnel decision made by Platt, Defen-

dant's Regional Director. Plaintiffs, therefore, in contrast to *Alvarado–Morales,* have met their threshold burden as to the first prong of the personal jurisdiction inquiry.

█ Plaintiffs have also satisfied their burden of making a prima facie showing that Defendant's contacts with the forum state were deliberate. First, the paycheck stubs identify Defendant as the remittor. This shows that Defendant deliberately directed company funds to Puerto Rico employees. *See, e.g., Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 465–67, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) (defendant's payment of monthly fees to forum state among factors considered in upholding jurisdiction). Second, the memorandum referenced above tends to show that Defendant's contacts with Puerto Rico were deliberate. Defendant not only made policies which were directed to all of its restaurants, including Puerto Rico, but also sent the memorandum and company policies to all of its restaurants' general managers. Finally, the internet site information circumstantially shows that Defendants purposefully availed itself of the forum by advertising that it operated a restaurant here. *See Pritzker v. Yari,* 42 F.3d 53, 61–62 (1st Cir.1994) (citing *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)) (exercising jurisdiction is appropriate where the defendant purposefully derives economic benefits from its forum-state activities).

█ Defendant argues that because the instant case involves a parent-subsidiary relationship, the Plaintiffs must, in sustaining their burden of establishing personal jurisdiction, overcome the strong presumption of corporate separateness that exists between a parent and a subsidiary. *See Escude,* 619 F.2d at 905. "The mere fact that a subsidiary company does business within a state does not confer jurisdiction over its nonresident parent, even if the parent is sole owner of the subsidiary." *Id.* (citing *Cannon Manuf. Co. v. Cudahy*

*Packing Co.,* 267 U.S. 333, 45 S.Ct. 250, 69 L.Ed. 634 (1925)); *see also Gonzalez v. Walgreens Co.,* 878 F.2d 560, 561 (1st Cir. 1989); *Alvarado–Morales,* 843 F.2d at 616–17. Rather, the plaintiff must present clear evidence that the presumption of separateness should be overcome. *See Escude,* 619 F.2d at 905; *Satellite Broadcasting Cable, Inc., v. Telefonica De Espana,* 786 F.Supp. 1089, 1100 (D.Puerto Rico 1992). The fact that a parent owns all of the stock of the subsidiary does not justify ignoring the separateness of the two entities. *See Escude Cruz,* 619 F.2d at 905.

█ When a district court utilizes the prima facie method for analyzing personal jurisdiction, however, it does not act as a fact-finder, but rather accepts properly supported evidence proffered by plaintiff as true. *See Boit,* 967 F.2d at 675; *see also Foster–Miller,* 46 F.3d at 145. This is so because the Court must construe Plaintiffs' allegations "in the light most congenial to the plaintiff's jurisdictional claim." *Massachusetts School of Law,* 142 F.3d at 34. Under this standard, Plaintiffs have made a prima facie showing of jurisdiction under the theory that Defendant is their employer. Thus, the question of the parent-subsidiary relationship between Chart House Enterprises and Chart House Enterprises–PR is not implicated at this stage. The Court notes, however, that Defendant may raise this issue again. Although Plaintiffs have satisfied their prima facie burden of showing jurisdiction over Defendant, personal jurisdiction has not been proven conclusively. Rather, Plaintiffs still bear the burden of establishing personal jurisdiction at trial by a preponderance of the evidence. *See United States v. Arkwright, Inc.,* 690 F.Supp. 1133, 1140 n. 6 (D.N.H.1988).

With respect to the other challenges raised by Defendants, the Court finds that resolution of those issues hinges on the employment relationship between Plaintiffs and Defendant, and the parent-subsidiary relationship between Chart House

Enterprises and Chart House Enterprises–PR. The Court will schedule discovery on these issues at the Initial Scheduling Conference, to be held on December 9, 1999. In the meantime, the remainder of the Motion to Dismiss will be held in **ABEYANCE.**

## III. CONCLUSION

In view of the foregoing, the Court hereby **DENIES** Chart House Enterprises's Motion to Dismiss for lack of personal jurisdiction, and holds in **ABEYANCE** the remaining arguments raised by Defendant.

**IT IS SO ORDERED.**