Gants, J.
On June 29, 2000, this Court denied the motion of the defendant, Cambridge Transportation Services, Inc. d/b/a Cambridge Checker Cab Co. (“Checker”), for summary judgment on Counts 1, 2, 3, and 4 “to the extent that Checker’s alleged liability rests on the theory of vicarious liability through apparent agency.” Memorandum of Decision and Order on Defendant Checker’s Motion for Summary Judgment, June 29, 2000 (“Initial Decision”) at 12 [12 Mass. L. Rptr. 21]. The relevant portion of that Initial Decision is reprinted below:
Even in the absence of actual agency, a corporation may be vicariously liable for the tortious conduct of another corporation that was its apparent agent. Chase v. Independent Practice Association, Inc., 31 Mass.App.Ct. 661, 667 (1991); Miller v. McDonald’s Corp., 945 P.2d at 1111-14; Billops v. Magness Construction Co., 391 A.2d at 198-99; Gizzi v. Texaco, Inc., 437 F.2d at 309-11. Section 267 of the Restatement (Second) of Agency provides:
One who represents that another is his servant or other agent and thereby causes a third person justifiably to rely upon the care or skill of such apparent agent is subject to liability to the third person for harm caused by the lack of care or skill of the one appearing to be a servant or other agent as if he were such.
Restatement (Second) of Agency, §267. See also Restatement (Second) of Agency, §265(2) (principal liable in tort for conduct of apparent agent if there has been reliance). The first illustration in the Reporter’s Notes for Section 267 is analogous to the case at bar and descriptive of this principle:
P, a taxicab company, purporting to be the master of the drivers of the cabs, in fact enters into an arrangement with the drivers by which the drivers operate independently. A driver negligently injures T, a passenger, and also B, a person upon the street. P is not liable to B. If it is found that T relied upon P as one furnishing safe drivers, P is subject to liability to T in an action of tort.
Restatement (Second) of Agency §267, Reporter’s Notes, Comment a, Illustration 1.
As reflected in the Restatement of Agency, to establish apparent agency in this case, Moussa must prove more than that he reasonably believed he was entering a cab owned or controlled by Checker. Restatement (Second) of Agency §267, Reporter’s Notes, Comment a. He must also show that his belief was caused by the manifestations of Checker, either made directly or through trademarks, signs, or advertising. See Miller v. McDonald's Corp., 945 P.2d at 1113; Billops v. Magness Construction Co., 391 A.2d at 198; Gizzi v. Texaco, Inc., 437 F.2d at 309. Most importantly, he must establish that he relied in his conduct on the belief that the cab he was entering was owned or controlled by Checker and his reliance must have been reasonable under the circumstances. See Miller v. McDonald’s Corp., 945 P.2d at 1113; Billops v. Magness Construction Co., 391 A.2d at 198; Gizzi v. Texaco, Inc., 437 F.2d at 309.
There is sufficient evidence in the record to create a genuine issue of material fact as to the existence of apparent agency. Checker chose as part of its Agreement to require Miri to place Checker decals on its taxi and to paint its taxi using the Checker colors and insignia. By transforming Mlri’s cab visually into a Checker cab, Checker must have recognized that prospective customers might believe that Checker owned or controlled the cab. Indeed, it may be inferred that the requirements imposed in the Agreement that the taxi be kept clean and mechanically sound were intended by Checker, at least in part, to protect the quality associated with its trademark. There is also evidence that Moussa indeed believed that he was entering a Checker Cab. In an answer to an interrogatory, Moussa affirmed under oath:
The logo on the taxicab driven by defendant Gamal Abdel-Kader . . . during the events described in the complaint announced that the taxicab was a Cambridge Checker Cab. Moussa chose to hire this particular taxicab only because he recognized the logo and believed that the cab was from a reputable company.
*364 Answer to Interrogatory No. 1, Plaintiffs Responses to Defendant Cambridge Checker Cab Company’s First Set of Interrogatories. The taxi that Abdel-Kader drove on the evening of September 29, 1998, in fact, was painted with the distinctive yellow of Checker Cabs and, on the front passenger door, read: “Checker Cab Co., 0/0 Miri Trans Inc" (sic). While Checker declares that “0/0” meant owned and operated by Miri, a factfinder may find that it was reasonable for a person in Moussa’s position to fail to recognize this.
Since, viewing the evidence in the light most favorable to Moussa, there is a genuine issue of material fact as to whether Miri was Checker’s apparent agent for purposes of determining vicarious liability for tortious conduct, Checker’s motion for summary judgment must be denied to the extent that its alleged liability rests on this theory.[1]
Allowing an apparent agency theory of vicarious liability to go forward is not inconsistent as a matter either of law or policy with this Court’s rejection of the common carrier theory. To provide dispatch and billing services as an independent contractor, Checker did not need to require Miri to paint its cab yellow and use its logo. If all Checker did was provide those services, it would be out of the case. However, by requiring Miri’s cabs to look to the world like Checker Cabs, Checker assumed the risk of liability through apparent agency when customers act in reliance on the mistaken belief that Checker owns or controls the cabs that bear its colors and logo.
Initial Decision at 7-10 [12 Mass. L. Rptr. 21, 23-24).
At the time this Court issued that Initial Decision, it was not aware that the Supreme Judicial Court, just six days earlier, had issued a decision in Theos & Sons, Inc. v. Mack Trucks, Inc. (“Theos”), where it declared, “[T]he mere use of a trademark and other logos of the defendant is not sufficient to raise a genuine issue of material fact that the defendant cloaked Vigor with apparent authority.” 431 Mass. 736, 746 (2000). After reading that decision, this Court on July 19, 2000 sua sponte ordered reconsideration of its Initial Decision and invited additional memoranda from the attorneys for all parties addressing whether the Theos decision mandated the allowance of summary judgment in the instant case.
After review of these memoranda and after hearing, this Court concludes that the Theos decision does not mandate the allowance of summary judgment in the instant case and, therefore, reaffirms this Court’s Initial Decision denying Checker summary judgment on Counts 1, 2, 3, and 4 to the extent that Checker’s alleged liability rests on the theory of vicarious liability through apparent agency.
DISCUSSION
In Theos, the plaintiff brought its truck for repair to Vigor Diesel Injection, Inc. (“Vigor”), an authorized parts and service dealer for Mack Trucks, Inc. (“Mack”), who allegedly was negligent in performing those repairs. 431 Mass, at 737-38. The plaintiff sought to hold Mack liable for the actions of Vigor on the theoiy that Vigor had actual or apparent authority to work on the plaintiffs truck engine on behalf of Mack. Id. at 742. After rejecting liability on the theory of actual authority, the Court explored Vigor’s theory of apparent authority. Id. at 743-45. The Court declared, “Apparent authority, is ‘created as to a third person by written or spoken words or any other conduct of the principal which, reasonably interpreted, causes the third person to believe that the principal consents to have the act done on his behalf by the person purporting to act for him.’ ” Id. at 745, quoting Restatement (Second) of Agency, §27 (1958). The Court added, “Apparent authority exists only if the plaintiff reasonably relied on the principal’s words or conduct at the time he entered the transaction that the agent is authorized to act on the principal’s behalf.” Theos, 431 Mass, at 745. Through these assertions, the Court made it clear that apparent agency may exist only when the plaintiff reasonably may believe as a result of the principal’s words or conduct that the agent is authorized to act on its behalf.
The Court then declared:
As evidence of apparent authority, Theos relied on Mack’s logo on Vigor’s invoices, Mack’s logos displayed at Vigor’s place of business, that Vigor was required to display conspicuously Mack-approved service signs provided by Mack, and Vigor’s statement to Theos that it was an authorized parts and service dealer of Mack. But the mere use of a trademark and other logos of the defendant is not sufficient to raise a genuine issue of material fact that the defendant cloaked Vigor with apparent authority. See Sherman v. Texas Co., 340 Mass. 606, 608-609 (1960). See also Gonzalez v. Walgreens Co., 878 F.2d 560, 562 (1st Cir.1989) (franchisee’s mere use of franchisor’s logo, by itself, does not create genuine issue of material fact with respect to apparent authority); Malmberg v. American Honda Motor Co., 644 So.2d 888, 891 (Ala. 1994) (apparent authority based on actions of principal not agent; evidence of Honda logos on signs and literature at dealership not alone sufficient to create inference of agency); Mobil Oil Corp. v. Bransford, 648 So.2d 119, 121 (Fla. 1995) (erroneous to give impression that “logos or other trademark symbols alone can create an apparent agency”).
Id. at 745-46. Checker argues that this language requires this Court to allow summary judgment in the instant case. Its argument rests on two propositions, neither of which this Court accepts; (1) that Theos *365 declares that “the mere use of a trademark and other logos of the defendant” is never sufficient to raise a genuine issue of material fact as to apparent agency; and (2) that the only evidence of apparent agency in this case is “the mere use of a trademark and other logos of the defendant” Checker. This Court will examine each proposition in turn.
1. Is Mere Use of a Trademark or Other Logo Never Sufficient to Raise a Genuine Issue of Material Fact as to Apparent Agency?
In Theos, the Court reiterated that apparent agency may exist only when the plaintiff reasonably may believe as a result of the principal’s words or conduct that the agent is authorized to act on its behalf. Theos, 431 Mass, at 745. In evaluating a claim of apparent agency on summary judgment, therefore, a court, viewing the evidence in the light most favorable to the plaintiff, must identify the evidence in the record regarding what the principal said and did, and determine what the plaintiff reasonably may have believed in light of that conduct. In Theos, there was absolutely no reason to believe that Vigor was acting as Mack’s agent except logos and other representations reflecting that Vigor was an authorized parts and sales dealer of Mack, which it was. Id. at 738-39, 745-47. The Court’s holding suggests that it is not reasonable to infer from this fact alone that Vigor was Mack’s agent, since the average person reasonably understands that truck manufacturers like Mack contract with independent dealers and repair shops to sell their parts and trucks. This reasoning, although not delineated in Theos, is manifest from some of the cases that the Supreme Judicial Court chose to cite in Theos in support of this proposition.
In Sherman v. Texas Co., the only Supreme Judicial Court case cited in Theos in support of this proposition, the Court ruled that it “is a matter of common knowledge” that Texaco gasoline was sold by independent gasoline dealers, so it was not reasonable to infer from this fact alone that the gasoline dealer was Texaco’s agent. 340 Mass. 606, 608-09 (1960), quoting Reynolds v. Skelly Oil Co., 227 Iowa 163, 171 (1939). In Mobil Oil Corp. v. Bransford, another of the cases cited, the Florida Supreme Court declared that, “[i]n today’s world, it is well understood” that a Mobil gasoline station is not an agent of Mobil simply because it displays the Mobil logo, so it is not reasonable to infer agency merely from the use of such a logo." 648 So.2d 119, 120-21 (Fla. 1995).
In contrast, in the instant case, it is not a matter of common knowledge or well understood that the familiar Checker cab is owned by an independent agent and not by Checker. Indeed, if you were to ask one hundred people on the street whether Checker owns or controls Checker cabs, it is not clear how many would say it does and how many would say that Checker is simply a dispatch and billing service. In fact, those that believe that Checker owns Checker cabs would often be right, because another Checker company did own Checker cabs. Since Checker required all cabs it dispatched to maintain the distinctive Checker logo and since it is not a matter of common knowledge that Checker simply dispatched cabs and did not own or control them, there is a genuine issue of material fact as to whether it was reasonable for a person who saw the familiar Checker logo on a taxicab to believe that the cab was owned or controlled by Checker.
2. Is the Mere Use of the Logo the Only Evidence of Apparent Agency in This Case?
It is plain from the two other cases cited by the Supreme Judicial Court in Theos that the use of trademarks and other logos, when combined with other evidence of apparent agency, may be sufficient to surmount the hurdle of summary judgment. In Gonzalez v. Walgreens Co., the First Circuit specifically declared that, if the plaintiff had done more than simply allude in her affidavit to the use of the Walgreens logo, she may have created a genuine issue of material fact as to apparent agency. 878 F.2d 560, 562 (1st Cir. 1989). Indeed, the First Circuit in Gonzalez cited with approval two other federal cases where the use of the logo, when combined with other evidence suggestive of agency, was sufficient to establish apparent agency. Id., citing Gizzi v. Texaco, Inc., 437 F.2d 308 (3d Cir.), cert. denied, 404 U.S. 829 (1971), and Drexel v. Union Prescription Ctrs., Inc., 582 F.2d 781, 790-97 (3d Cir. 1978). In Malmberg v. American Honda Motor Co., the Alabama Supreme Court held that evidence of the use of logos, when combined with other evidence, was sufficient to create a genuine issue of material fact as to apparent agency. 644 So.2d 888, 891 (1994).
In the instant case, there is evidence in the record beyond the mere use of the Checker logo suggestive of apparent agency. The cab in question was required to bear Checker’s telephone number, and anyone who telephoned that number would be greeted by a Checker dispatcher. If one asked for a taxicab, a Checker cab would be dispatched, albeit probably not that particular Checker taxicab. If one called to complain about the driver or to report a missing wallet, one would speak to the Checker dispatcher about the problem. If one wanted to charge the fare and later receive a bill, one had to be authorized by Checker to have a charge account and the bill would be sent by Checker. Indeed, the relationship of Checker to the individual cabs looked enough like an agency relationship that even some of the drivers were confused. The President of Checker admitted during his deposition that the drivers of the cabs he dispatched “know me as the boss basically because some of them don’t understand.” Therefore, even if Theos established a “logo plus” standard to establish apparent agency, there is enough evidence in the record apart from the mere logo to create a genuine issue of material fact as to apparent agency.
*366 ORDER
For the reasons detailed above, upon reconsideration, this Court concludes that the Theos decision does not mandate the allowance of summary judgment in the instant case and, therefore, reaffirms this Court’s Initial Decision denying Checker summary judgment on Counts 1, 2, 3, and 4 to the extent that Checker’s alleged liability rests on the theory of vicarious liability through apparent agency.

 This Court expressly does not decide whether, if apparent agency is found, the scope of vicarious liability of Checker is limited to the conduct of its apparent agent that is actuated to some degree by an intent to perform the services for which he is apparently engaged or extends to the full scope of common carrier liability. See Restatement (Second) of Agency §267, Reporter’s Notes, Comment b. That subject was not briefed and the answer is not obvious.