Houston, J.
In this medical malpractice action, Francis Loynd (“plaintiff’) alleges that on January 11, 1995, the defendants, Jane H. Fay, M.D. (“Dr. Fay”), and Susan A. Stafford, M.D. (“Dr. Stafford”) negligently interpreted the radiology films of his right foot, and that he was therefore discharged from the Emergency Room of the Emerson Hospital with the incorrect diagnosis of a contusion/sprain. The plaintiff further alleges that he subsequently learned that he had sustained fractures of his second and third metatarsals. The plaintiffs Complaint includes a count against Emerson Hospital (“Emerson”) for vicarious liability for the acts of Dr. Fay and Dr. Stafford. Emerson now moves for summary judgment. For reasons set forth below, Emerson’s motion for summary judgment is ALLOWED.

BACKGROUND

On January 10, 1995, the plaintiff injured his right foot when he fell from a ladder at work. The next day, the plaintiff visited the Emergency Room of Emerson Hospital. The plaintiff was examined and sent to x-ray. Dr. Stafford and Dr. Fay interpreted the x-ray films of the plaintiffs right foot. Both Dr. Stafford and Dr. Fay concluded that “No [fracture] is seen. Conclusion: No acute fracture.” That same day, the plaintiff was released from the Emerson Hospital Emergency Room with a diagnosis of “Contusion/sprain [right] foot.”
Approximately six weeks later, while suffering severe pain, the plaintiff saw a podiatrist. On February 23, 1995, a CT scan report identified “oblique fractures of the base of the second and third metatarsals with oblique fractures of the distal aspects of the first and second cuneiforms. Appearance is consistent with a Lisfranc type of fracture, right foot.”
As of January 11, 1995, the day of the plaintiffs visit to Emerson Hospital Emergency Room, both Dr. Fay and Dr. Stafford were employed by Concord Radiologists, Inc. (“CRI”). Emerson Hospital and CRI had previously executed an employment contract.
The contract stipulated that employees of CRI would provide radiology services of the hospital, and that “CRI and any Physician shall at all times act as independent contractors with respect to the Hospital, and not as employees or agents of the Hospital.” The contract further provided that Emerson “shall neither have nor exercise any specific control or direction over the particular methods by which CRI or any physician shall perform the professional services required by” the contract. CRI maintained control to compensate all physicians under its employ, including Dr. Fay and Dr. Stafford. CRI also maintained r esponsibili tyf or physician staffing cover - age at Emerson.
Both Dr. Fay and Dr. Stafford purchased and maintain their own professional liability insurance for any liability arising from services rendered under the contract. The Hospital did not provide liability insurance for the physicians working under the CRI contract.
Also, as between Emerson and CRI, CRI had “sole responsibility for establishing and billing all charges for professional services rendered [by its employees] to . . . patients ...” Additionally, CRI was to “establish procedures to assure the consistency and quality of all services provided in the [Radiology] Department [at Emerson] by both physicians and non-physician personnel.”

DISCUSSION

(i) Summary Judgment Standard
Summary judgment shall be granted where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Allstate Insurance Co. v. Reynolds, 43 Mass.App.Ct. 927, 929 (1997); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 711 (1991); Cassesso v. Commission of Correction, 390 Mass. 419 422 (1983). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). “If the moving parly establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion” Id., 404 Mass. at 17.
Emerson argues that it is entitled to summary judgment because at the time Dr. Fay and Dr. Stafford reviewed the radiology films of Mr. Loynd, they were employees of CRI and were not employees of Emerson Hospital but were independent contractors. The plaintiff counters that Emerson should be held liable for the actions of the defendant-doctors under a theory of either actual or apparent agency.
(ii) Actual Agency
An employer is vicariously liable for the tortious conduct of its employee committed while acting in the scope of her employment. Burroughs v. Commonwealth, 423 Mass. 874, 877 (1996); Restatement (Second) of Agency, §219. Conduct falls within the scope of employment if: (1) the conduct is of the kind he is employed to perform; (2) it occurs substantially within the authorized time and space limits; and (3) it is motivated, at least in part, by a purpose to serve the employer. Burroughs, 423 Mass. at 877, quoting Wang Lab, Inc. v. Business Incentives, Inc., 398 Mass. 854, 859 (1986).
While never specifically stated, there may exist a physician exception to the broad scope of vicarious liability based on actual agency. To hold a health care plan vicariously liable for the alleged tortious conduct *63 of a doctor and nurse who were its employees, “there must be a factual basis for inferring that the Plan had power of control or direction over the conduct of the question.” Gugino v. Harvard Community Health Plan, 380 Mass. 464, 468 (1980). See also Kapp v. Ballantine, 380 Mass. 186 (1980); Harnish v. Childrens Hospital Medical Center, 387 Mass. 152 (1982). In this respect, a physician may be “a servant [who is] employed to perform services in the affairs of another and who with respect to the physical conduct in the performance of the services is subject to the other’s control or right to control.” Kelley v. Rossi, 395 Mass. 659, 661 (1985). Summary judgment maybe denied as against a defendant hospital, for example, if plaintiff submits evidence that the hospital determined the doctor’s hours, that it paid him a salary that did not depend on the number of patients he saw, that it provided the doctor with all patients, and that the doctor’s superior, the hospital’s Medical Director, retained the power to supervise the doctor’s work and ensure its quality. See MacNamara v. Honeyman, 406 Mass. 43, 48 (1989).
In the present case, the plaintiff has failed to raise sufficient questions of material facts as to the issue of vicarious liability based on actual agency. Under the facts of this case, it cannot be said that the doctors were subject to the direction and control of Emerson Hospital. Emerson’s contract with CRI specifically stated that the doctors acted as independent contractors in relation to the hospital, that Emerson shall neither have nor exercise any specific control or direction over the particular methods by which CRI or any physician shall perform their professional services, that CRI maintained control to compensate all physicians under its employ, and • that CRI maintained responsibility for physician staffing coverage at Emerson. Moreover, the Hospital did not provide liability insurance for the physicians working under the CRI contract. CRI had “sole responsibility for establishing and billing all charges for professional services rendered [by its employees] to . . . patients ...” Additionally, CRI and not Emerson had the control to “establish procedures to assure the consistency and quality of all services provided in the [Radiology] Department [at Emerson] by both physicians and non-physician personnel.”
Given these facts, it cannot be said that the plaintiff has raised genuine issues of material fact sufficient to defeat Emerson’s motion for summary judgment based on a theory of actual agency.
(iii) Apparent Agency
Even if liability does not attach to the Hospital for the alleged tortious acts by Dr. Fay and Dr. Stafford based on a theory of actual authority liability, the hospital may still be held liable on a theory of apparent agency. “A corporation maybe vicariously liable for the tortious conduct of another corporation that was its apparent agent.” Chase v. Independent Practice Association, Inc., 31 Mass.App.Ct. 661, 667 (1991). “One who represents that another is his servant or other agent and thereby causes a third person justifiably to rely upon the care or skill of such apparent agent is subject to liability to the third person for harm caused by the lack of care or skill of the one appearing to be a servant or other agent as if he were such.” Moussa v. Abdel-Kader, WL 9911720 (Mass.Super. 2000) (Gants, J.) (12 Mass. L. Rptr. 21, reconsidered and reaffirmed, 12 Mass. L. Rptr. 363); see also Restatement (Second) of Agency, §267. A principal may be liable in tort for conduct of his apparent agent if there has been reliance. Restatement (Second) of Agency, §256(2).
To establish apparent agency in the present case, the plaintiff must prove more than he reasonably believed that Dr. Fay and Dr. Stafford were employees of the hospital, but that “his belief was caused by the manifestations of Emerson, either made directly or through trademarks, signs, or advertising.” Most importantly, the plaintiff must establish that “he relied in his conduct on the belief that the doctors were employed or controlled by Emerson and that his reliance was reasonable under the circumstances.” Moussa v. Abdel-Kader, WL 991720 (Mass.Super. 2000) (12 Mass. L. Rptr. 21, reconsidered and reaffirmed, 12 Mass. L. Rptr. 363).
While the court is sympathetic to the plaintiffs claim, there are insufficient facts in the record to create a genuine issue of material fact as to the existence of any apparent authority. The fact that the plaintiff went to Emerson Hospital because it was close to his home, that he was not informed of the employment status of his treating physicians, that he was not advised of the Emerson-CRI contract regarding the radiology services, or that he was not provided the opportunity to make other arrangement for x-rays do not create genuine issues in this context to defeat a motion for summary judgment. It is essential under the theory of vicarious liability based on apparent agency for the record to indicate how, to what extent, and under what circumstances the plaintiff came to believe the doctors were employed by Emerson, and the reasonableness of this belief.
Therefore, absent a clear showing of such facts, the defendant hospital’s motion for summary judgment must be allowed.

ORDER

For the foregoing reasons, it is hereby ORDERED that defendant Emerson Hospital’s Motions for partial summary judgment is ALLOWED.